# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGELIO ZALDIVAR-PENA, | : | |
| Petitioner | : | |
| | : | No. 1:18-cv-2347 |
| v. | : | |
| | : | (Judge Rambo) |
| KATHY BRITTAIN, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

On December 10, 2018, Petitioner Rogelio Zaldivar-Pena ("Petitioner"), a State inmate currently incarcerated at the State Correctional Institution in Frackville, Pennsylvania ("SCI Frackville"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) After Petitioner paid the filing fee, Magistrate Judge Carlson issued an Administrative Order, informing Petitioner of the limitations upon his right to file another habeas petition in the future if his current petition was considered on the merits by the Court. (Doc. No. 5.) The Administrative Order notified Petitioner that if he did not complete and return the attached Notice of Election within forty-five (45) days, his petition would be ruled upon as filed. (*Id.*) On January 30, 2019, Petitioner returned the Notice of Election, indicating that he wished to have the Court rule on his petition as filed. (Doc. No. 6.) Accordingly, in an Order dated February 11, 2019, Magistrate Judge Carlson directed Respondent to file a response to the petition on or before March 25, 2019. (Doc. No. 8.) After receiving an extension of time (Doc. Nos. 11, 12), Respondent

filed a response (Doc. No. 14) and memorandum of law (Doc. No. 15) on April 25, 2019. Petitioner has neither filed a traverse nor a motion for an extension of time to do so. Accordingly, because the time period for filing a traverse has expired, this matter is ripe for disposition. For the reasons set forth below, the petition will be denied.

## I.  STATEMENT OF THE CASE

### A.  Procedural History

Following a jury trial that concluded on January 6, 2011, Petitioner was found guilty of third-degree murder and aggravated assault in the Court of Common Pleas for Lebanon County, Pennsylvania. *See Commonwealth v. Zaldivar Pena*, No. CP-38-CR-0000942-2010 (Lebanon Cty. C.C.P.).[1]  On February 23, 2011, he was sentenced to a minimum of twenty (20) and a maximum of forty (40) years of incarceration. *Id.* Petitioner timely filed post-sentence motions, which the trial court denied on August 4, 2011. (*See* Doc. No. 14-1 at 1-13.)

Petitioner timely filed a notice of appeal. On February 8, 2012, the Superior Court of Pennsylvania dismissed Petitioner's appeal for failure to file a brief. (Doc. No. 14-3 at 1.) On February 6, 2013, Petitioner filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA"). (*See* Doc. No. 14-4 at 3.) Counsel was

---

[1] A district court may take judicial notice of state court records, as well as its own. *Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

appointed, and counsel filed an amended PCRA petition on March 27, 2013. (*Id.*) On August 12, 2013, the PCRA court granted Petitioner's PCRA petition and reinstated his appellate rights *nunc pro tunc*. (*Id.*) Subsequently, the Superior Court affirmed Petitioner's judgment of sentence on March 28, 2014. *Commonwealth v. Pena*, 1499 MDA 2013 (Pa. Super. Ct. 2014). The Supreme Court of Pennsylvania denied his petition for allowance of appeal on November 14, 2014. *Commonwealth v. Pena*, 110 A.3d 997, 241 MAL 2014 (Pa. 2014).

Petitioner, through counsel, subsequently filed a PCRA petition on July 16, 2015. *See Zaldivar Pena*, No. CP-38-CR-0000942-2010. On January 15, 2016, the PCRA court denied his petition. *Id.* Counsel, however, failed to file an appeal of the PCRA court's decision. (*See* Doc. No. 14-4 at 3-4.) On May 5, 2016, Petitioner filed a motion to reinstate his appellate rights with the PCRA court. *See Zaldivar Pena*, No. CP-38-CR-0000942-2010. The PCRA court treated Petitioner's motion as a PCRA petition, appointed counsel, and directed counsel to file an amended petition, which counsel did on November 1, 2016. (*See* Doc. No. 14-4 at 4.) On April 24, 2017, the PCRA court reinstated Petitioner's appellate rights *nunc pro tunc*. (*Id.*)

Petitioner filed a notice of appeal to the Superior Court on May 1, 2017. (*Id.*) On September 26, 2017, PCRA counsel filed a petition to withdraw as counsel and

3

a *Turner/Finley*[2] brief on September 26, 2017. (*Id.*) Three days later, the Superior Court "ordered PCRA counsel to send a new letter to [Petitioner] clarifying that [Petitioner] ha[d] the immediate right to proceed *pro se* or through privately retained counsel . . . because counsel's prior letter indicated that [Petitioner] could so proceed 'if' this Court granted the request to withdraw." (*Id.* at 4-5.) Counsel did so, but Petitioner never filed a *pro se* brief or retained counsel. *See Commonwealth v. Pena*, No. 772 MDA 2017 (Pa. Super. Ct).

On March 21, 2018, the Superior Court granted counsel's petition to withdraw and affirmed the PCRA court's denial of relief. (*See* Doc. No. 14-4.) On November 16, 2018, the Supreme Court denied Petitioner's petition for allowance of appeal. (*See* Doc. No. 14-7.) Petitioner filed his § 2254 petition on December 10, 2018.

### B. Habeas Claims Presented

The Court construes Petitioner's habeas corpus petition as raising the following claims:

1. Ineffective assistance of PCRA counsel; and
2. Appellate court error during PCRA proceedings.

(Doc. No. 1.)

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

## II. STANDARD OF REVIEW

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67-68; *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Johnson v. Rosemeyer*, 117 F.3d 104 (3d Cir. 1997).

## III. DISCUSSION

It is first necessary to determine whether Petitioner's claims presented in his habeas petition are cognizable in a federal habeas proceeding. Petitioner first argues that PCRA counsel provided ineffective assistance by filing a *Turner/Finley* brief instead of a meritorious brief on Petitioner's behalf. (Doc. No. 1-1 at 4-6.) According to Petitioner, PCRA counsel's actions effectively "waiv[ed] his right to appeal." (*Id.* at 6.) However, freestanding claims of ineffective assistance of PCRA counsel are not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under

section 2254"); *see also Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987); *Holman v. Gillis*, 58 F. Supp. 2d 587, 597 (E.D. Pa. 1999) (noting that "a claim of ineffective assistance of PCRA counsel is not cognizable in a federal habeas corpus petition because the right to effective assistance of PCRA counsel exists pursuant to state law, and is not mandated by the Constitution or laws or treaties of the United States"). Thus, the Court must dismiss Petitioner's first claim for relief.

Petitioner next asserts that the Superior Court violated his due process rights by denying him the right to supplement the appeal of the PCRA court's denial of relief with a *pro se* brief. (Doc. No. 1-1 at 4-6.) However, "habeas proceedings are not the appropriate forum for [Petitioner] to pursue claims of error at the PCRA proceeding." *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004); *see also Holland v. Folino*, No. CIV.A. 13-6623, 2015 WL 1400660, at *1 (E.D. Pa. Mar. 26, 2015) (noting that "[e]rrors alleged during state collateral review are non-cognizable on federal review"). As the United States Court of Appeals for the Third Circuit has explained:

> The federal courts are authorized to provide collateral review where a petitioner is in state custody or under a federal sentence imposed in violation of the [C]onstitution or the laws or treaties of the United States. 28 U.S.C. §§ 2254, 2255. Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.

6

*Hassine v. Zimmerman*, 160 F.3d 941, 954-55 (3d Cir. 1998). Thus, because Petitioner's claim is based on alleged error that occurred during his PCRA appellate proceedings, it is not cognizable. Accordingly, the Court must dismiss this claim.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). In the instant matter, jurists of reason would not find the disposition of Petitioner's petition debatable. As such, no COA will issue.

## V. CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be denied and a COA will not issue. An appropriate Order follows.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: May 20, 2019